UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JUDY LYNN CASEY,<br><br>   Plaintiff,<br><br>v.<br><br>EXPRESS SCRIPTS, INC.,<br><br>   Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 4:16-cv-00241<br><br>DEMAND FOR JURY TRIAL |

### COMPLAINT

NOW comes JUDY LYNN CASEY ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining as to the conduct of EXPRESS SCRIPTS, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a 57 year old natural person residing at 528 East Chestnut Street, Unit A, Jeffersonville, Indiana, which falls within the Southern District of Indiana.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

6. Defendant is a national pharmacy benefit management organization incorporated in Delaware with its principal place of business in St. Louis, Missouri.  It operates in every state, including Indiana.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigs, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In early 2016, Plaintiff was looking for companies who deliver prescription medications, as she suffers from severe back pain.  *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

10. Shortly thereafter, Plaintiff called Defendant to inquire about its service.  *See* Exhibit A.

11. Plaintiff was later notified by Defendant that her physician would not approve a prescription from it.  *Id.*

12. Around the summer of 2016, Plaintiff started receiving calls from Defendant to her cellular phone, (812) XXX-8050.  *Id.*

13. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner and operator of the cellular phone ending in 8050. Plaintiff is and has always been financially responsible for the cellular phone and its services.

14. The phone number that Defendant has most often used to contact Plaintiff from is (800) 753-2851. *Id.*

15. Upon information and belief, the phone number ending in 2851 is regularly used by Defendant during its solicitation of consumers.

16. When Plaintiff answers calls from Defendant, she experiences a brief pause and then hears an audible click before a live representative begins to speak. *Id.*

17. Upon speaking with one of Defendant's representatives, Plaintiff notified it that she was no longer interested in its services since her physician cannot approve the prescriptions, and demanded that it stop calling her. *Id.*

18. Defendant also contacted Plaintiff in an attempt to sell her other medical supplies that she was not interested in. *Id.*

19. Plaintiff has repeatedly told Defendant to stop contacting her on a number of occasions, but the calls have continued to come in up until the date of the filing of the present action. *Id.*

20. Plaintiff's nephew Rocky Money has been present during many of the phone calls where Plaintiff has prompted Defendant to stop calling her. *Id.*

21. Plaintiff has received a plethora of calls from Defendant after demanding that it stop contacting her. *Id.*

22. Concerned with Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

23. Plaintiff has spent money purchasing and maintaining an application on her cellular phone for the purpose of blocking Defendant's calls. *Id.*

24. Plaintiff has suffered charges and expenses that she would not have otherwise incurred if not for Defendant's calls, including the loss of cellular phone capacity.

25. Plaintiff has experienced financial loss as a result of Defendant's conduct.

26. Plaintiff has been unfairly harassed and mislead by Defendant's conduct.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

29. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The brief pause and audible click that Plaintiff experienced during answered calls from Defendant before being connected to a live representative is indicative of an ATDS. Similarly, the frequency, nature, and origin of Defendant's contacts strongly suggests that a predictive dialing ATDS was being used to generate them.

30. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Although Plaintiff may have initiated contact with Defendant, after no longer being interested in its services, she explicitly revoked her consent by her multiple instructions to discontinue the calls.

31. The calls placed by Defendant to Plaintiff were regarding business solicitation and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

32. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, JUDY LYNN CASEY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

33.  Plaintiff repeats and realleges paragraphs 1 through 32 as though fully set forth herein.

34.  Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

35.  The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction.  An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations."  I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

36. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

37. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

38. Defendant's solicitation calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

39. Defendant engaged in unfair, abusive, and deceptive behavior in its transactions with Plaintiff. Through systematic and frequent solicitation, Defendant has used an ATDS to relentlessly contact Plaintiff. Defendant was specifically notified by Plaintiff that it no longer had interest in its services and to stop calling her. However, Defendant has ignored these prompts in an abusive attempt to solicit business from Plaintiff.

40. In violating the TCPA, Defendant engaged in illegal behavior during its solicitation efforts towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

41. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

42. Defendant's conduct is part of a purposeful and systematic scheme to illegally solicit unsophisticated consumers who may not be aware of their rights. Plaintiff told Defendant to stop

calling, however, Defendant's conduct is an incurable deceptive act of which notice would not remedy.

43. Although unsuccessful, Plaintiff made numerous attempts to correct Defendant's incurable deceptive acts by demanding that it cease contacting her. The fact that Defendant was provided with notice that Plaintiff was no longer interested in its services and to stop calling her, and refused to abide by that notice, shows that its behavior is incurable. Upon information and belief, Defendant widely solicits consumers throughout Indiana through means of an ATDS when it does not have consent to do so.

44. As pled in paragraphs 21 through 26, Plaintiff has suffered damages as a result of Defendant's unlawful conduct. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, JUDY LYNN CASEY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 27, 2016          Respectfully submitted,

                                                            s/ Nathan C. Volheim
                                                            Nathan C. Volheim, Esq. #6302103
                                                            Admitted in the Southern District of Indiana
                                                            Sulaiman Law Group, Ltd.
                                                            900 Jorie Boulevard, Suite 150

Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com